IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. BAIR, for himself and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLITT & GAINES PC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff William J. Bair seeks redress from the unlawful debt collection practices of Blitt & Gaines PC ("Blitt & Gaines"), which violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any alleged debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, Blitt & Gaines – on behalf of its clients – sues, or threatens to sue, consumers in order to collect on time-barred debts.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

5. Venue and personal jurisdiction in this District are proper because Blitt & Gaines PC maintains its offices in this District, and does business here.

**PARTIES**

6. William J. Bair resides in Vermilion County, Illinois.

7. Blitt & Gaines is a law firm organized as an Illinois corporation, with

offices at 661 Glenn Avenue, Wheeling, Illinois 60090.

8. Blitt & Gaines's practice consists primarily of the collection of consumer debts owed to others.

9. Blitt & Gaines files thousands of collection lawsuits against consumers each year, sends tens of thousands of collection letters each year, and places thousands of collection calls each year.

10. Blitt & Gaines collects debts in Illinois and Indiana.

11. Blitt & Gaines is a "debt collector," as defined in the FDCPA.

## FACTS

12. On or about November 21, 2013, Blitt & Gaines filed suit against Mr. Bair on behalf of its client, Autovest LLC, in the Vermilion County Circuit Court (*Autovest LLC v. Bair*, No. 2013 SC 1210 (5th Jud. Cir. Ct. (Ill.)). The suit sought to collect an amount allegedly owed on a motor vehicle retail installment sales contract, entered into to acquire a vehicle used by Mr. Bair for personal, family or household purposes.

13. As a result, Mr. Bair was required to spend time and money defending against the lawsuit.

14. Mr. Bair's last payment on the contract with Autovest LLC was in August 2009 – more than four years before suit was filed.

15. Blitt & Gaines knew that the date of last payment on the debt Mr. Bair allegedly owed was in August 2009, or was in a position to know that fact prior to filing suit.

16. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code – codified in Illinois as 810 ILCS 5/2-725 and 5/2A-506, and in Indiana as Ind. Code §§26-1-2-725 and 26-1-2.1-506.

17. UCC §2-725, applicable to retail installment contracts, provides that "an action for breach of any contract for sale must be commenced within four years after the

2

cause of action has accrued...."

18. UCC §2A-506, applicable to leases, provides that "an action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued...."

19. Most states – including Illinois and Indiana – have enacted the standard Uniform Commercial Code statutes of limitations, and have held that they apply to actions to recover the money owed under a contract for the sale of goods. *Troyer v. Cowles Products Co. Inc.*, 732 N.E.2d 246, 247 (Ind. App. Ct. 2000); *Fallimento C. Op. M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law); and *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979). See *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024 (Cal. App. 1976); *Jack Heskett Lincoln-Mercury v. Metcalf,* 158 Cal. App. 3d 38 (Cal. App. 1984); *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 998 P.2d 55, 67 (Haw. App. 2000);; *Barnes v. Community Trust Bank,* 121 S.W.3d 520 (Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 691 A.2d 1320 (Md. 1997); *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo. App. 2006); *Mobile Discount Corp. v. Price*, 656 P.2d 851 (Nev. 1983); *Associates Discount Corp. v. Palmer*, 219 A.2d 858 (N.J. 1966); *Ford Motor Credit Co. v. Arce*, 791 A.2d 1041 (N.J. Super. 2002); *First National Bank v. Chase*, 887 P.2d 1250 (N.M. 1994); *Scarsdale v New York City Water Board*, 824 N.Y.S.2d 325 (N.Y. App. Div. 2006); *Wuhu Import & Export Corp. v. Capstone Capital, LLC*, 834 N.Y.S.2d 129 (N.Y. App. Div. 2007); *Herba v. Chichester*, 754 N.Y.S.2d 695 (N.Y. App. 2003); *Alice A. Baker Inc. v. Norton*, 747 N.Y.S.2d 146 (N.Y. Sup. Ct. (Rensselaer Co.) 2002); *Bluefin Wear Inc. v Tuesday's Child Boutique Inc.,* No. 13766/10, 33 Misc. 3d 1233A; 2011 WL 6187134 (N.Y. Sup. Ct. (Kings Co.) Dec. 14, 2011); *May Co. v. Trusnik*, 375 N.E.2d 72 (Ohio App. 1977); *Gimbel Bros. Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC Rep. Serv. 803, 1969 WL 11076 (Pa. Common Pleas (Montgomery Co.) 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139, 2000 WL 1865005 (Pa. Common Pleas (Dauphin Co.) 2000)*;*

*Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3d 506, 1980 WL 98412 (Pa. Common Pleas (Phila. Co.) 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233, 2005 WL 4309996 (Pa. Common Pleas (Fayette Co.) 2005); *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (Tex. Ct. App. 1972); *DaimlerChrysler Services North America LLC v. Quimette*, 830 A.2d 38 (Vt. 2003).

20. An assignee "takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783; 731 N.E.2d 915, 925 (5th Dist. 2000). "The assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet Ltd.*, 164 Ill. App. 3d 610, 617; 518 N.E.2d 187, 191 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462, 476-480; 41 N.E. 864, 868-869 (1895).

21. Blitt & Gaines regularly demands payment, sues, and threatens to sue on auto retail installment contract and lease debts that are more than four years old at the time of the demand, filing or threat.

22. It is the policy and practice of Blitt & Gaines, when seeking to collect time-barred debts, to not disclose the fact that they are time-barred.

23. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

24. The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts barred by the statute of limitations. *United States (for the Federal Trade Commission) v. Asset Acceptance LLC*, Case No. 8:12CV182 (M.D.Fla.).

25. Blitt & Gaines knew, or should have known, that the suit that it filed against Mr. Bair, as to a time-barred debt, was frivolous and misrepresented a material fact.

26. Blitt & Gaines knew, or should have known, that suits that it filed against other consumers, as to time-barred debts, were frivolous and misrepresented a material fact.

## COUNT I – CLASS CLAIM

27. Plaintiff incorporates paragraphs 1-26.

28. Blitt & Gaines engaged in false, deceptive and unfair acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning and suing consumers on time-barred debts, without disclosure of that fact.

29. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

**(2) The false representation of –**

**(A) the character, amount, or legal status of any debt....**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.... [and]**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

30. 15 U.S.C. §1692f provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....**

31. Attorneys who engage in false, deceptive and unfair debt collection practices, on behalf of their clients, may be held liable under the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007); *Eichman v. Mann Bracken LLC*, 689 F.Supp.2d 1094 (W.D.Wis. 2010); *Kaylor-Trent v. John C. Bonewicz PC*, 910 F.Supp.2d 1112 (C.D.Ill. 2012); and *Nance v. Ulferts*, 282 F.Supp.2d 912 (N.D.Ind. 2003).

32. Under *Basile v. Blatt Hasenmiller Leibsker & Moore LLC*, 632 F.Supp.2d

842 (N.D.Ill. 2009), suits on time-barred debts violate the FDCPA. See *Weldon v. Asset Acceptance LLC*, No. 1:10CV660, 2011 WL 902018, *4 n.4 (S.D.Ind. Mar. 14, 2011) (citing *Basile*, *Freyermuth v. Credit Bureau Services Inc.*, 248 F.3d 767 (8th Cir.2001), and *Goins v. JBC & Associates PC*, 352 F.Supp.2d 262 (D.Conn.2005)).

## CLASS ALLEGATIONS

33. Plaintiff seeks relief for a class, under Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of all individuals with addresses in Illinois and Indiana, with respect to whom Blitt & Gaines filed suit, or caused a collection letter to be sent, to collect auto retail installment contract and lease debts more than four years after the later of default, repossession or chargeoff, where the letter was sent, or lawsuit was pending, at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

35. On information and belief, the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are whether Blitt & Gaines engages in a practice of attempting to collect time-barred complaints, and whether that practice violates the FDCPA.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, because (a) individual actions are not economically feasible, (b) members of the class are likely to be unaware of their rights, and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class, and against Blitt & Gaines, for

      (a)    statutory damages;

      (b)    actual damages, including appearance and attorney's fees incurred in defending against the time-barred suits filed against consumers;

      (c)    attorney's fees, litigation expenses and costs for the pursuit of this action, under 15 U.S.C. §1692k; and

      (d)    such other relief that the Court finds proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

T:\29461\Pleading\Complaint -- federal_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                    /s/ Daniel A. Edelman
                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)